# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL R. GORE, JR., <br><br> Petitioner, <br><br> v. <br><br> THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., <br><br> Respondents. | Civil Action No. 17-223-BRM <br><br><br> **OPINION** |

**THIS MATTER** is opened to the Court on Respondents Steven Johnson and the Attorney General of the State of New Jersey's (collectively, "Respondents") Motion to Dismiss Petitioner Michael R. Gore, Jr.'s ("Petitioner") petition for a writ of habeas corpus. (ECF No. 7.) Petitioner has filed a response to the motion (ECF No. 8) to which Respondents did not reply. For the reasons set forth below, Respondents' Motion is **DENIED**, and Respondents shall file a full response to Petitioner's habeas petition within forty-five days.

On or about October 3, 2005, Petitioner was convicted of various charges including murder, for which he received a life sentence (the "2005 Judgment"). (ECF No. 1 at 1.) On November 30, 2006, Petitioner filed an untimely notice of appeal, which the Superior Court of New Jersey, Appellate Division permitted to proceed as if timely filed. (ECF No. 7-2 at 3.) The Appellate Division reversed Petitioner's conviction in October 2009, but the New Jersey Supreme Court reinstated the 2005 Conviction in March 2011 and remanded the matter to the Appellate Division to consider certain sentencing issues. *See State v. Gore*, 205 N.J. 363 (2011). The Appellate Division decided those issues and remanded the matter to the trial court for the entry of an amended judgment of conviction in March 2012. (ECF No. 7-2 at 3.) The trial court then entered

1

Petitioner's new Judgment of Conviction on December 10, 2012 (the "2012 Amended Conviction"). (*Id.*) Petitioner apparently did not appeal his new judgment.

While Petitioner's direct appeal was pending, he filed a petition for post-conviction relief ("PCR") on June 28, 2010. (*Id.*) The PCR petition was initially returned to Petitioner because he failed to plead a cognizable claim, but Petitioner filed a second PCR petition on May 23, 2011. (*Id.*) Petitioner's PCR petition remained pending until February 7, 2014, when it was denied by trial court. (*Id.* at 5.) Petitioner eventually filed an untimely notice of appeal on June 17, 2014, which was permitted to proceed as timely by order of the Appellate Division on July 10, 2014. (*Id.*) The Appellate Division then affirmed the denial of Petitioner's PCR petition on July 5, 2016. (*Id.*) Petitioner filed a timely petition for certification, which was denied by the New Jersey Supreme Court on October 21, 2016. (*Id.*)

On or about January 4, 2017, Petitioner filed his current petition for a writ of habeas corpus. (ECF No. 1.) In his petition, Petitioner challenged his 2005 Conviction and recounted the procedural history of this matter up through the final Appellate Division decision in March 2012, save his 2012 Amended Conviction. (*Id.*) On February 24, 2017, this Court directed Respondents to file an answer to Petitioner's habeas petition. (ECF No. 2.)

Instead, on April 24, 2017, Respondents filed a Motion to Dismiss Petitioner's habeas petition. (ECF No. 7.) In their Motion, Respondents present two arguments: (1) Petitioner's habeas petition fails to state a claim for relief because it fails to challenge the judgment under which Petitioner is currently confined, *i.e.*, the 2012 Amended Conviction rather than the 2005 Conviction; and (2) Petitioner's habeas petition is time barred. On May 26, 2017, Petitioner filed a response in which he argued he would amend his petition to address any failure to include the 2012 Amended Conviction, and that his petition is not time barred.

2

Respondents first argue Petitioner's habeas petition must be dismissed because it challenges Petitioner's 2005 Conviction, which is no longer operative, rather than his 2012 Amended Conviction. When faced with a motion to dismiss, a district court is "required to accept as true all factual allegations in the [petition] and draw all inferences in the facts alleged in the light most favorable to the [Petitioner]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Where a district court is faced with a *pro se* litigant, the Court is required to construe their pleadings liberally. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss petitioner's petition without requiring respondents to file a full and complete answer to petitioner's habeas claims only if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

While Petitioner's habeas petition only discusses his 2005 Conviction, Petitioner does discuss in his petition the fact that this 2005 Conviction resulted in lengthy proceedings culminating in the Appellate Division's remanding for the entry of an amended judgment in 2012—undoubtedly the 2012 Amended Conviction. It is clear from the petition that Petitioner seeks to challenge his criminal conviction and sentence, which was originally entered in 2005 and has been litigated ever since, including before and after the 2012 Amended Conviction. Although the 2012 Amended Conviction replaced Petitioner's 2005 Conviction and is the operative judgment in this matter for time bar purposes, Respondents' attempts to divorce it entirely from the 2005 Conviction ignores Petitioner's intent to challenge his ongoing conviction and sentence. Construing the petition liberally and giving Petitioner the benefit of the inference that he intended to include the 2012 Amended Conviction in his petition based on his discussion of the history of

his case both before and after it was entered, Respondents argument is without merit and must be denied.[1]

Turning to the time bar issue, petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). That limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" including the ninety-day period for the filing of a petition for certiorari before the Supreme Court. *Id.* This limitations period is also subject to statutory tolling which prevents the running of the statute while a petitioner has a properly filed petition for collateral relief pending before the state courts. *See, e.g., Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015).

In this matter, Petitioner's conviction did not become final until January 24, 2013, forty-five days after the entry of his 2012 Amended Conviction, when the time for an appeal from that judgment had run. *See, e.g., Candelario v. Hendricks*, No. 04-2969, 2005 WL 3440473, at *3 (D.N.J. Dec. 14, 2005) (finding the § 2254 limitations period runs from date when time to seek review expires after entry of an amended judgment of conviction, rather than from the date of the original judgment, where an amended judgment is entered); N.J. Court Rule § 2:4-1 (appeals from judgments of trial court must be taken within forty-five days). When Petitioner's conviction became final, he already had a pending collateral attack filed against his conviction, *i.e.*, his second PCR petition, which remained pending until February 7, 2014, when the PCR court denied relief.

---

[1] Even if this Court were persuaded by Respondents' argument, it would grant Petitioner's request to amend his petition to include the 2012 Amended Conviction requested in his response to the motion. (*See* ECF No. 8 at 6). Dismissal of Petitioner's petition would not be appropriate under those circumstances.

Therefore, his petition was statutorily tolled through at least that date.[2] By Respondents' own calculations, Petitioner allowed only 131 days of his limitations period to elapse after the denial of his PCR petition before filing an appeal of that denial (*see* ECF No. 7-2 at 7), and only seventy-five more days passed between the denial of certification as to Petitioner's PCR petition and his filing of his habeas petition in this Court. Therefore, it appears Petitioner expended just over two hundred days of his one-year limitations period, and his petition was timely filed. Respondents' Motion to Dismiss is **DENIED**. Respondents shall file a full and complete response to the petition in accordance with this Court's prior order within forty-five days of the date of this order. (ECF No. 2.) An appropriate order will follow.

                                                   */s/Brian R. Martinotti*
                                                   **HON. BRIAN R. MARTINOTTI**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[2] Respondents argue in their motion that this PCR does not apply to the amended judgment because it was filed before the amended judgment was entered. This argument, for which Respondents provide no supporting case law, is unpersuasive. Nothing in the record suggests that the PCR court sought to dismiss the PCR once the amended judgment was entered, and nothing presented to this Court suggests that this petition was not "properly filed" as to the amended judgment solely because it predates the 2012 Amended Conviction.